IIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDWARD C. HUGLER, : <br> ACTING SECRETARY OF LABOR : <br> UNITED STATES DEPARTMENT OF LABOR, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> GRANITECH, INC., : <br> ALI YILMAZ, Individually and as : <br> President of GRANITECH, INC. : <br> : <br> Defendants. : | Civil Action No. |

# **COMPLAINT**

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants GraniTech, Inc. ("GraniTech") and Ali Yilmaz, individually and as President of GraniTech (collectively "Defendants") in the total amount of back wage compensation found by the Court to be due to the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant GraniTech is, and, at all times hereinafter referenced, was registered as a corporation in Virginia since 1998. Mr. Ali Yilmaz (Yilmaz) is the President and 100% owner of the business. GraniTech has its principal office at 8404 Alban Rd., Springfield (Fairfax County) VA 22150, which is within the jurisdiction and venue of this Court.

III.

Defendant Yilmaz is and, at all times hereinafter referenced, was the President of GraniTech and resides at 5764 Varzara Rd., Marshall (Fauquier County), VA 20115, which is within the jurisdiction of this Court. Defendant Yilmaz supervises and directs the work of all the employees of the Company and is involved in the hiring, firing, and scheduling of employees. Defendant Yilmaz has acted directly or indirectly in the interest of GraniTech in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

IV.

At all times hereinafter mentioned, Defendant GraniTech has been an enterprise within the meaning of Section 3(r) of the Act, in that Defendant has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities were constituted (and/or were related to) the running of the business that installs marble and granite, in furtherance of the business purposes of Defendant's unified business entity.

At all times hereinafter mentioned, Defendant GraniTech has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that Defendant has employees engaged in commerce or in the

production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. Defendant's employees engaged in commerce or in the production of goods for commerce, including employees handling marble slabs that the company receives from multiple states including, Maryland, Texas and Minnesota.

V.

Between February 5, 2013 and February 9, 2016 (hereinafter referred to as the "period of investigation"), Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, for workweeks longer than 40 hours per week without compensating said employees in such workweeks at rates not less than one and one-half times their regular rate.

For example, Defendants improperly classified certain employees as independent contractors and paid them either per square foot or on some other specified piece rate. This led to a failure to pay overtime wages as these employees regularly worked over 40 hours per work week.

Additionally, the employees compensated on an hourly basis regularly worked in excess of 40 hours a week but were only paid "straight time" for the hours worked in excess of 40 in a week. They did not receive additional half-time pay for overtime hours.

Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

VI.

By their actions and omissions described in the preceding paragraph, Defendants willfully violated sections 7 and 15(a)(2) of the Act. Defendants knew or had reason to know that their actions violated the FLSA.

For example, Defendants were aware of and understood that they were required to pay employees at a rate of not less than one and one-half times their regular rate for hours worked over 40 in a workweek but failed to do so. During the United States Department of Labor's investigation of Defendants, Defendant Yilmaz confirmed that he understood that all hourly employees must be paid one and one-half times their hourly rate for hours worked in excess of 40 in a week. There was an Employee Rights under the Fair Labor Standards Act poster in the break room which clearly set forth the obligation of the Defendants to pay overtime for hours worked in excess of 40 per week. Further, GraniTech's Employee Handbook also stated the obligation of the Employer to pay overtime for hours worked in excess of 40 in a workweek. Moreover, GraniTech was sued 2 times for similar violations of the Fair Labor Standards Act by former employees. (*Mario Candia v. Granitech, Inc.*, Case No. 1:13cv1093 filed on August 30, 2013 and *Earl Victor Castaneda v. Granitech, Inc.*, Case No. 1:10cv1227 filed on October 29, 2010). Defendants continued paying straight time after 2 lawsuits filed by former employees alleging violations of the Fair Labor Standards Act.

## VII.

During the period of investigation, Defendants repeatedly and willfully violated the provisions of Sections 11(c), 12(b) and 12(d), 13(b)1and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of hours worked for certain employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, the employer failed to maintain records of the daily and weekly hours worked by non-exempt employees who

were paid on a daily salary basis as well as hourly records for those workers who were paid a piece rate.  Additionally, Defendants failed to maintain records concerning the employment of a minor in violation of Section 12 of the Act and further allowed a minor to work in a hazardous occupation utilizing a power saw.

VIII.

During the period of investigation, Defendants repeatedly and/or willfully violated provisions of the Act as alleged in paragraphs V through VII above.  A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

IX.

As a result of the violations alleged in paragraphs V through VII above, amounts are owed for certain present and former employees, including the persons specifically identified in Schedule A attached to Plaintiff's Complaint.  Additional amounts may be due to other employees employed by the Defendants whose identities are not now known to the Plaintiff.

X.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1.  For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or

participation with Defendants who receive actual notice of any such judgment, from prospectively violating the provisions of Sections 7, 11(c), 12, 15(a)(2) and 15(a)(5) of the Act.

    2. For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of February 5, 2013 through February 9, 2016, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after February 9, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

    3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

    FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

| Mailing Address: | Respectfully submitted, |
|---|---|
| Douglas N. White<br>Associate Regional Solicitor<br>U.S. Department of Labor<br>201 12th Street South<br>Suite 410<br>Arlington, VA 22202<br>(202) 693-9393<br>Fax: (202) 693-9392 | Nicholas C. Geale<br>Acting Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor<br><br>Douglas N. White<br>Associate Regional Solicitor |

Samantha N. Thomas
Regional Counsel


**/s/ Dominique V. Sinesi**
Dominique V. Sinesi, VSB No. 28707
Office of the Solicitor
Telephone No. 202-693-9337
Facsimile No. 202-693-9392
sinesi.dominique@dol.gov

Date: March 31, 2017

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff